UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ZACK ALDAWOODY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:25-cv-00308-SDN |
| | ) |
| CANDELA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### ORDER TO CHANGE VENUE

On August 12, 2025, I ordered Plaintiff Zack Aldawoody to show cause why this matter should not be transferred to the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1404, 1406. ECF No. 10.

For the purposes of venue, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

There are two ways that a court may exercise personal jurisdiction over a non-resident defendant such as Candela Corporation. *See Pritzker v. Yari*, 42 F.3d 53, 59 (1st Cir. 1994). The court may exercise specific personal jurisdiction, which exists when "the cause of action arises directly out of, or relates to, the defendant's forum-based contacts," *id.* at 60 (quoting *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088–89 (1st Cir. 1992)), or general personal jurisdiction, which "exists when the litigation is not directly founded on the defendant's forum-based contacts, but

1

the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state," *United Elec.*, 960 F.2d at 1088.

Mr. Aldawoody resides in West Bloomfield, Michigan. Candela is incorporated in Delaware and headquartered in Massachusetts. Because Mr. Aldawoody is pro se, I construe his pleadings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

In his response to the show cause order, Mr. Aldawoody asserts as a basis for this Court's specific personal jurisdiction over Candela that Candela conducts substantial business in Maine. He contends that it has "purposefully availed itself of the privilege of conducting business in Maine" such that it satisfies the venue requirement. ECF No. 11 at 1. In support, he attaches an exhibit from Candela's website, showing a list of dozens of treatment providers who use its dermatology products in Maine. ECF No. 11-2. But Mr. Aldawoody's alleged injury occurred in Michigan, and he does not contend that the injury involved a Maine treatment center or had any other connection to Maine. His allegations are thus insufficient to establish that the court has specific personal jurisdiction over the cause of action because it does not "arise[] directly out of, or relate[] to, the defendant's forum-based contacts." *Pritzker*, 42 F.3d at 60 (quoting *United Elec.*, 960 F.2d at 1088–89).

The District of Maine also does not have general personal jurisdiction over Candela. Mr. Aldawoody claims that Candela does business in all 50 states, including Maine, and that dozens of Maine treatment providers use its products. ECF No. 11 at 1–2. However, such "affiliations with the State are [not] so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Mr. Aldawoody presents no further argument that Candela's business operations "are so anchored in the [Maine] economy that [it] can

2

be 'fairly regarded as at home' there," that it maintains a physical presence in the state, or that it has paid Maine taxes. *Kuan Chen v. U.S. Sports Acad., Inc.*, 956 F.3d 45, 58 (1st Cir. 2020) (quoting *Goodyear*, 564 U.S. at 924). Although numerous medical providers in Maine may use Candela's products, the allegations in the complaint and the response to the show cause order are not sufficient, without more, to establish that Candela is "at home" here. The Court thus lacks general personal jurisdiction over Candela.

Because the District of Maine lacks personal jurisdiction over Candela, venue here is improper. *See Favereau v. United States*, 44 F. Supp. 2d 68, 72 (D. Me. 1999); 28 U.S.C. § 1391(b); 28 U.S.C. § 1406(a). However, as "there is a rebuttable presumption in favor of transferring a case instead of dismissing it," *Tham v. Adducci*, 319 F. Supp. 3d 574, 578 (D. Mass. 2018) (citing *Britell v. United States*, 318 F.3d 70, 73–74 (1st Cir. 2003)), the matter will be transferred to the Eastern District of Michigan where the alleged injury occurred. S*ee* 28 U.S.C. § 1391(b). Accordingly, Mr. Aldawoody's motions for default and default judgment, ECF Nos. 8, 12, are now moot, and the case will be transferred to the U.S. District Court for the Eastern District of Michigan.

**SO ORDERED.**

Dated this 26th day of August, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**