UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZACK ALDAWOODY,

     Plaintiff,

v.

CANDELA CORPORATION,

     Defendant.

Case No. 25-12695
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION [44]**

Zack Aldawoody filed this *pro se* lawsuit alleging that a laser hair removal machine manufactured by Candela Corporation caused him extensive and permanent injuries totaling $5 million dollars in damages. (ECF No. 1.) For various reasons, it took nearly a year for the case to get off the ground. One, Aldawoody initially filed this case in Maine, but finding venue improper, that court transferred it here. (ECF No. 2.) Then Aldawoody failed to properly serve Candela, all while seeking a clerk's entry of default and default judgment to no avail. (ECF Nos. 25, 30.) Once properly served, Candela failed to timely respond, resulting in Aldawoody obtaining a clerk's entry of default and filing a motion for default judgment. (ECF No. 32.) Then Candela *did* appear and asked the Court to vacate the default against it. (ECF No. 35.) Finding good cause to do so, the Court granted Candela's motion to vacate shortly thereafter. (ECF No. 38.)

Aldawoody believes the Court erred in setting aside the default. So he filed a motion for reconsideration. (ECF No. 44.) He speculates that the Court "did not consider [his] timely response in opposition" to Candela's motion to vacate the default because it ruled within three days of the filing of the response. (*Id.* at PageID.500.) This speculation is erroneous. The Court considered the motion and the opposition. Aldawoody has shown no error in the Court's ruling.

Thus, the motion for reconsideration is DENIED.

## I.

Aldawoody brings this motion under Local Rule 7.1(h)(3). (ECF No. 44, PageID.499.) That provision, however, simply states that "[n]o response to the motion [for reconsideration] and no oral argument are permitted unless the court orders otherwise." E.D. Mich. LR 7.1(h)(3). The Court thus construes his filing under Local Rule 7.1(h)(2)(A) which deals with motions for reconsideration of a non-final order.[1]

As a starting point, motions for reconsideration are disfavored. E.D. Mich. LR 7.1(h)(2). A party may seek reconsideration of a non-final order under Local Rule 7.1(h)(2) if a different outcome is warranted for one of three recognized reasons: (A) the Court made a mistake, (B) there has been an intervening change in controlling law, or (C) "new facts" are available that could not have been discovered with reasonable diligence prior. E.D. Mich. LR 7.1(h)(2)(A–C). Aldawoody does not identify

---

[1] Aldawoody challenges the Court's order vacating the clerk's entry of default. Because this order did not end the litigation, it constitutes a non-final order. *See contra Whitfield v. Morrison*, No. 24-2121, 2025 WL 2305650, at *1 (6th Cir. June 24, 2025) ("A decision is final if it 'ends the litigation on the merits and leaves nothing for the [district] court to do but execute the judgment.'")

any intervening change in controlling law or any new facts warranting a different outcome. Thus, Aldawoody's motion rests squarely on the first subsection—that he believes the Court made a mistake.

To justify reconsideration under Rule 7.1(h)(2)(A), the Court's mistake "must be quite plain—otherwise all a motion for reconsideration does is invite further debate and, rather than saving time and money, it expends time and money." *Roe v. Ford Motor Co.*, 439 F. Supp. 3d 922, 926 (E.D. Mich. 2020). This is because "a district court puts considerable thought and effort into its initial decision, and so that decision should not be readily changed." *Id.* Likewise, "[t]he purported mistake must be some substantive error in the court's legal analysis or factual findings based on the record at the time of the decision—it cannot be the outcome itself." *Id.*

Aldawoody argues that the Court erred in its ruling because it issued its opinion "only three days after Plaintiff's Response was docketed and without referencing or addressing any of the arguments, evidence, or exhibits contained therein." (ECF No. 44, PageID.494.) He also states that he "confirmed with Court staff that the Court had reviewed only Defendant's motion prior to ruling." (*Id.*) None of these arguments identify a mistake in the Court's opinion.

For one, the Court did consider Aldawoody's response (ECF No. 37). The Court addressed Aldawoody's arguments and agreed with him that service was proper. (*Compare* ECF No. 37, PageID.407–412 (Aldawoody's response brief arguing that service was properly effectuated under North Dakota law), *with* ECF No. 38, PageID.477–480 (Court opinion finding service was proper under North Dakota law).)

3

And while the Court disagreed with Aldawoody's position that there was not good cause to set aside the default, it engaged with his response and cited it in the opinion. (*See* ECF No. 38, PageID.481 (citing ECF No. 37, PageID.414).)

For another, Court staff did not tell Aldawoody that the undersigned reviewed only Defendant's motion prior to ruling. The Court answers calls from litigants as a courtesy to confirm receipt of materials but does not discuss the merits of the case. The Court is not required to answer these calls and may decline to do so in the future if Aldawoody continues to mischaracterize statements from Court staff.

In sum, "[a] motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments . . . ." *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). And Aldawoody has not persuaded the Court, based on any of the recognized grounds set forth in Rule 7.1(h)(2), that the Court erred by exercising its discretion to set aside the clerk's entry of default. So Aldawoody's motion for reconsideration (ECF No. 44) is DENIED.

IT IS SO ORDERED.

Dated: June 17, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

4