UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZACK ALDAWOODY,

     Plaintiff,

v.

CANDELA CORPORATION,

     Defendant.

Case No. 25-12695
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER CASE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NORTH DAKOTA [43]**

---

On June 6, 2025, Zack Aldawoody filed this *pro se* lawsuit alleging that a laser hair removal machine manufactured by Candela Corporation caused him extensive and permanent injuries. (ECF No. 1.) He brings claims of negligence, manufacturing defects, misrepresentation, and breach of warranty against Candela, and seeks $5 million in damages. (*Id.* at PageID.6–13.) On June 9, 2026, Aldawoody filed a motion to transfer venue to the District of North Dakota (ECF No. 43), citing inconveniences due to his recent relocation to North Dakota. (*Id.* at PageID.491–492.)

But venue is proper in this District, not in North Dakota. Thus, the Court denies his motion to transfer venue (ECF No. 43).

**I.**

Venue is proper in the judicial district where (1) any defendant resides if all of the defendants reside in the same state, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) any defendant may be found if there

is no other district in which the action may be brought. 28 U.S.C. § 1391(b). "[T]he court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55 (2013). If there is another venue where the action might also have been properly brought, a case may be transferred to another district "[f]or the convenience of parties and witnesses, in the interest of justice. *See* 28 U.S.C. § 1404(a).

Aldawoody originally commenced this action in the District of Maine. (ECF No. 1.) Finding venue improper, District Judge Stacey D. Neumann *sua sponte* transferred the case to this Court, (ECF No. 2 (transferring case under 28 U.S.C. § 1406(a))), reasoning that venue was proper in the Eastern District of Michigan because that is where Aldawoody alleged that the injury occurred. (*Id.* at PageID.200–202); *see also* 28 U.S.C. § 1391(b)(2).)

The Court agrees with Judge Neumann that venue is proper in the Eastern District of Michigan. The events giving rise to the claim occurred here—the laser hair removal treatment was done at a medical spa in Sterling Heights, Michigan, located in the Eastern District of Michigan. (ECF No. 1, PageID.3.) Aldawoody suffered his alleged injuries here too. (*Id.*) So venue is proper under § 1391(b).

While Aldawoody contends that, following his move, it would now be more convenient for him to litigate this case in North Dakota, the Court cannot transfer the case because venue is not proper there. Aldawoody's claim could not have

orginally been brought in the District of North Dakota under any of the categories of § 1391(b). First, Candela is incorporated in Delaware and headquartered in Massachusetts. (*See* ECF No. 1, PageID.2). Thus it is not a citizen of North Dakota, so § 1391(b)(1) is not satisfied. Second, Aldawoody does not allege that any "events or omissions giving rise to [his] claim" took place in the North Dakota such that § 1391(b)(2) could be met. And third, as Judge Neumann already concluded, there *is* a proper judicial district to bring this case—the Eastern District of Michigan.

Finding that venue is proper in this District and improper in the District of North Dakota, the Court need not explore whether North Dakota has personal jurisdiction over Candela under § 1391(b)(3) or whether it would be more convenient to litigate the case there. *See Zimmer Enters., Inc. v. Atlandia Imports, Inc.*, 478 F. Supp. 2d 983, 990 (S.D. Ohio 2007) ("Before deciding whether or not the 'convenience of the parties and witnesses' and 'the interest of justice' justify a transfer, courts first determine whether the proposed alternative venues are 'district[s] or division[s] where [the action might] have been brought.'" (citing 28 U.S.C. § 1404(a))). Simply put, the case could not have been brought in North Dakota, and thus, cannot be transferred there.

## II.

Accordingly, the motion to transfer this case to the United States District Court for the District of North Dakota (ECF No. 43) is DENIED.

SO ORDERED.

Dated: July 9, 2026

3

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE